# CIRCUIT COURT OF THE CITY OF SALEM

Donald J. Summers

v.

Viamac, Inc.,
and Victor F. Foti

March 17, 1998

Case No. CH97-162

BY JUDGE ROBERT P. DOHERTY, JR.

In 1986, Defendant Viamac, Inc., bought three restaurants from Plaintiff Summers' employer and offered Plaintiff continued employment and the right to purchase stock in Viamac. Plaintiff entered into a "Stock Purchase, Employment and Noncompetition Agreement" and ultimately purchased approximately twenty percent of Viamac's voting stock. Thereafter, he was employed as a director, an officer, and as a Manager of Operations for Viamac. In 1988, Plaintiff entered into a "Stock Buy-Sell Agreement" with Viamac, which altered his original agreement. Plaintiff was no longer required to sell his stock back to the corporation upon termination, but he was allowed to sell his corporate stock to anyone, at anytime, after giving the corporation the first right of refusal. In September 1997, Plaintiff was terminated from his employment. At approximately the same time, Defendant Foti, a major stockholder and president of Viamac, offered to purchase Plaintiff's shares of stock at a price Plaintiff claims was unreasonably low. Plaintiff alleges that the Defendant's actions constitute corporate oppression as set forth in § 13.1-747, Code of Virginia (1950), as amended, and sued for corporate dissolution. Upon agreed facts, the Defendants ask for summary judgment claiming that matters dealing with Plaintiff's employment and with his stock ownership are two separate and distinct issues and that neither affects the other. The Court concurs with the Defendant's position.

Corporate oppression is the taking of unfair advantage of certain stockholders, by those in control of a corporation, in such a manner that those stockholders are denied the rights to which they are entitled by virtue of their investment. *See Giannotti v. Hamway*, 239 Va. 14 (1990). Stockholder's rights are generally those of having proportionate ownership in the corporation, a proportionate voice in the running of the corporate business, as well as receiving a proportionate share of the corporate profits. These rights can be expanded by contract to contain other incidents of ownership, including but not limited to, guaranteed employment.

Plaintiff takes the position that his rights as a stockholder have been expanded to include the right of continued employment. In support of his argument, he cites a West Virginia case and a Massachusetts case. In *Masinter v. Webco Co.*, 262 S.E.2d 433 (1980), the West Virginia Court decided that the termination of the minority stockholders' employment, in and of itself, was sufficient to constitute corporate oppression. In that case, all corporate profits were distributed to shareholders in the form of salary, apparently in proportion to their labors. In the case of *Wilkes v. Springside Nursing Home, Inc.*, 353 N.E.2d 657 (1976), the Massachusetts Court also determined that all corporate profits were distributed as salaries to stockholders who were also directors, and thus termination of the employment of a minority stockholder for no legitimate business reason constituted corporate oppression. To reach its conclusions, these Courts had to determine that the intent and agreement of the parties when they made their initial investment was that each would receive corporate profits in the form of salary and not in stock dividends. They reasoned that the action of terminating the employment of the minority stockholders by the majority stockholders constituted illegal, fraudulent, and oppressive action because the minority stockholders were unfairly denied all profits from their investment. Accordingly, relief was granted. However, those are not the facts of our case.

Normally guaranteed employment is not an incident of stock ownership. When Plaintiff Summers initially purchased his stock, he entered into agreements concerning his rights as a stockholder, his rights as an employee, and his rights to compete with his employer. Each right was treated as separate and distinct. The employment agreement portion of Plaintiff's contract specifically granted him a one-year term of employment as an executive employee and thereafter extended his job "until either party gives notice of termination of employment." The agreement also stated that the corporation could terminate Plaintiff's employment for any reason but that it would owe him his salary for his first year of employment if he was

terminated before the end of that term. This employment agreement was never amended. It continued in full force and effect through and until the date of Plaintiff's termination. It was not connected in any way with his ownership of corporate stock or the dividends and distributions he received as a stockholder.

Accordingly, this Court finds that the Plaintiff was an employee at will when he was terminated by Defendant corporation. His employment was not an incident of his stock ownership. The two positions he finds himself in, that of an ex-employee and that of a stockholder, are separate and distinct. His status as an owner of corporate stock is undiminished by his termination. He is entitled to continue to collect annual dividends on his stock. The Defendants have not by their action of firing the Plaintiff committed illegal, fraudulent, or oppressive acts within the contemplation of § 13.1-747. Defendant's Motion for Summary Judgment is granted.